RECEIVED

COPY

AUG 5 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08 80151MISC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>               Plaintiff,<br><br>      v.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al.,<br><br>               Defendants. | Subpoenas issued in the matters styled:<br>    *CSIRO v. Buffalo Technology (USA), Inc., et al.*, U.S.D.C. Eastern District of Texas, Civil Action No. 2:05-CV-053-LED<br>    *Microsoft Corporation, et al. v. CSIRO*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-549-LED;<br>    *CSIRO v. Toshiba America, et al.*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-550-LED; and<br>    *Intel Corporation et al v. CSIRO*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-551-LED |

## [PROPOSED] CONFIDENTIALITY ORDER AND ADDENDUM

WHEREAS Cisco Systems, Inc. ("Cisco") is a non-party in the Civil Action Nos. 2:05-CV-053-LED and 6:06-CV-549-LED, -550-LED and -551-LED currently pending in the United States District Court for the Eastern District of Texas (collectively, "the Underlying Actions"); and

WHEREAS the parties to the Underlying Actions (including both Commonwealth Scientific and Industrial Research Organisation ("CSIRO") and the defendants/declaratory judgment plaintiffs in the Underlying Actions (collectively the "Defendants")) have caused numerous subpoenas to be issued out of this Court and served on Cisco seeking documents and things from Cisco; and

WHEREAS, Cisco has produced documents to the parties in response to those subpoenas and expects to continue producing documents in response to those subpoenas including documents that relate to and disclose Cisco's trade secrets and/or confidential research, development, or commercial information; and

WHEREAS the parties to the Underlying Actions also have caused numerous subpoenas to be issued out of this Court and served on current and former Cisco employees pursuant to which the parties have taken and wish to take the depositions of such employees currently or formally associated with Cisco; and

WHEREAS certain current and former employees have provided deposition testimony some of which relates to and discloses Cisco's trade secrets and/or confidential research, development, or commercial information; and

WHEREAS Cisco seeks to protect the confidentiality of its documents, things and the testimony of its current and former employees pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

For good cause having been shown, this Court finds that Cisco is entitled to such protection of its confidential documents, things and the testimony of its current and former employees according to the terms of this Confidentiality and Protective Order and Addendum (collectively referred to as "Order") as follows:

**1. Scope Of Protection.**

1.1    The term "parties" as used in this Order shall collectively refer to the parties in the Underlying Actions and Cisco.

1.2    This Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Order, produced by Cisco in response to subpoenas issued out of this Court in connection with the Underlying Actions, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, documents and other discovery materials and things, whether produced informally or in response to subpoenas or other formal method of discovery.

1.3    This Order shall apply to Cisco, the parties to the Underlying Actions and any non-party to whom Cisco's confidential information is provided pursuant to the terms of this Order.

1.4    This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

2

**2. Designation.**

2.1    Each party shall have the right to designate as "Confidential" and subject to this Order any information, document or thing produced by it in this case which contains, reflects, or otherwise discloses confidential technical, business and/or financial information. This designation shall be made by marking each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

2.2    Cisco shall have the right to designate as "Attorneys' Eyes Only," restricted to review by those specified in Paragraph 4.2 only and subject to this Order, any information, document or thing produced in this case which contains, reflects or otherwise discloses competitively sensitive information. Such "Attorneys' Eyes Only" information, documents and things may include, without limitation, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, or information about employees. This designation shall be made by marking each page or thing containing Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

2.3    [Reserved]

2.4    The parties will use reasonable care to avoid designating as confidential any information, documents or things that are generally available to the public. The parties will also use reasonable care to avoid designating as confidential any information, documents or things for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in this paragraph. To the extent that material is designated "Confidential," "Attorneys' Eyes Only" or "Outside Counsel's Eyes Only" as described in the Addendum (collectively "Designated Information"), such material shall be revealed to or used only by persons authorized to receive Designated Information pursuant to Paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not

3

permitted disclosure pursuant to this Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed Designated Information and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.5    With respect to all materials provided for inspection by a party's counsel, designation need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated Outside Counsel's Eyes Only from the time of the inspection until otherwise designated pursuant to this Order or produced without a designation.

**3. Limit On Use And Disclosure Of Designated Information.**

3.1    All recipients of Designated Information pursuant to this Order shall use any Designated Information governed by this Order only in connection with the prosecution or defense of the Underlying Actions, and for no other purpose whatsoever, except by consent of Cisco or order of the Court and shall maintain the Designated Information as strictly confidential with appropriate safeguards. No party or other person shall disclose or release to any person not authorized under this Order any Designated Information governed by this Order for any purpose, or to any person authorized under this Order for any other purpose. The party or parties receiving Designated Information shall not under any circumstances sell, offer for sale, advertise, or publicize Designated Information or any information contained therein.

3.2    Counsel for a party may give advice and opinions to his or her client regarding the Underlying Actions based on his or her evaluation of Designated Information received by the counsel but not the party -- provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party. Counsel receiving Designated Information may not use such Designated Information to provide advice or opinions to facilitate prosecution of any patents or to otherwise attempt to secure patent claims (e.g., reissue, reexamination, and certificates of correction).

4

3.3    Any outside counsel, inside counsel, expert or consultant who reviews Outside Counsel's Eyes Only information produced by Cisco shall maintain a log of the specific Bates labeled pages, items, or portions thereof that were reviewed. Such log shall not be required to be disclosed to any party other than Cisco, and shall be disclosed to Cisco only following the conclusion of the litigation within 30 days of a request for the log by the producing party. Such person shall not, in any continuation, divisional, original, reexamination, or reissue application related to wireless networks, draft, prosecute, or otherwise assist in the preparation or prosecution of any patent claims related to wireless networks that would be infringed by any method or apparatus disclosed in the Outside Counsel's Eyes Only information reviewed by that person as disclosed in the log.

a. The prosecution bar set forth in this section 3.3 shall expire for each such person one year after the earlier of: (i) the entry of a final non-appealable or non-appealed judgment as to the party that such person represents; or (ii) the complete settlement of all CSIRO claims related to the '069 patent against the party that such person represents.

b. The prosecution bar set forth in this section 3.3 shall not prohibit, restrict, or in any way limit any person's ability to participate in a reexamination proceeding where such participation is not undertaken on behalf of an owner of the patent.

3.4    Any outside counsel, expert or consultant employed by CSIRO who reviews any non-public technical information designated as Outside Counsel's Eyes Only or Attorneys' Eyes Only may not prosecute, draft or assist in the drafting of patent claims relating to wireless networking as that relates to the IEEE 802.11 standards. The prosecution bar set forth in this section 3.4 shall expire for each such person one year after the earlier of: (i) the entry of a final non-appealable or non-appealed judgment in these actions; or (ii) the complete settlement of these actions.

3.5    The attorneys of record for the parties and other persons receiving Designated Information governed by this Order shall exercise reasonable care to ensure that the Designated

CONFIDENTIALITY ORDER AND ADDENDUM                    CIVIL ACTION NOS. 2:05-CV-053-LED AND
                                                      6:06-CV-549-LED, -550-LED AND -551-LED

Information governed by this Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4. Disclosure Of Designated Information.**

       4.1     Information, documents or things designated "Confidential" shall be disclosed by the recipient thereof only to:

       a. the outside attorneys of record for the parties, including outside counsel retained for this litigation by any parent of any Defendant, and their partners, attorney employees, and their authorized secretarial, clerical and legal assistant staff;

       b. up to five (5) employees of CSIRO or CSIRO's subsidiary WLAN Services Pty Ltd. having responsibility for providing oversight of or assistance in the Underlying Actions (to be identified to the producing party prior to receipt by such persons of any Designated Information);

       c. up to five (5) employees for each Defendant or a parent of a Defendant having responsibility for providing oversight of or assistance in the litigation (to be identified to the producing party prior to receipt by such persons of any Designated Information);

       d. consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraph 6;

       e. This Court and Court personnel and the Court and Court personnel in the Underlying Actions;

       f. court reporters employed in connection with the Underlying Actions;

       g. outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them; and

       h. translation services necessary for translating documents in this case.

       4.2     Information, documents or things designated "Attorneys' Eyes Only" shall be disclosed only to:

6

a. the outside attorneys of record for the parties, and their partners, attorney employees, and their authorized secretarial, clerical and legal assistant staff;

b. up to two (2) in-house counsel for CSIRO, and necessary secretarial staff, having responsibility for providing oversight of or assistance in the litigation (to be identified to the producing party prior to receipt by such persons of any Designated Information), provided that each such attorney must keep all such documents and information in segregated files access to which is restricted to the designated attorney, and further provided that such attorneys shall not be allowed to review non-public technical information designated as Attorneys' Eyes Only;

c. up to two (2) in-house counsel for each Defendant, and necessary secretarial staff, having responsibility for providing oversight of or assistance in the litigation (to be identified to the producing party prior to receipt by such persons of any Designated Information), provided that each such attorney must keep all such documents and information in segregated files access to which is restricted to the designated attorney;

d. consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraph 6;

e. This Court and Court personnel and the Court and Court personnel in the Underlying Actions;

f. court reporters employed in connection with this case;

g. outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them; and

h. translation services necessary for translating documents in this case.

4.3     [Reserved]

4.4     [Reserved]

7

4.5    If any Designated Information is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure or knowledgeable of such disclosure shall, immediately on discovery of that disclosure, inform the producing party of all facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosures by each unauthorized person who received such information.

**5.    Computer Source and Other Code.**

5.1    [Reserved]

5.2    [Reserved]

5.3    Code or other materials designated under paragraph 5.1 shall be produced in one of two ways as set forth below in subsections (a) and (b), at the election of the producing party:

a. The producing party shall provide any source code or other materials designated under paragraph 5.1 on CD-ROM (or on such other format as may be necessary and agreed to by the requesting party), organized on the CD-ROM by software release version. One copy of the CD-ROM shall be produced to the requesting trial counsel, and kept at the offices of trial counsel, maintained in a locked cabinet or the like. In addition, one copy for each qualified consultant or expert pursuant to paragraph 6 designated by trial counsel to review the materials may be made and may be maintained in a locked cabinet or the like at the expert's worksite. No additional copies shall be made. Counsel of record and each qualified consultant or expert receiving materials designated under paragraph 5.1 (together, the reviewing parties) may load the materials onto a stand-alone, non-networked, password protected computer, which shall not be connected to any peripheral device other than a monitor, keyboard, and mouse. While in use, the computer and such designated materials shall not be left unattended by a reviewing party. When not in use, the computer shall be stored securely in a locked cabinet or room. Should the CD-ROM become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

b.    [Reserved]

8

5.4     A reviewing party shall be entitled to make printouts in paper form of as many lines of source code as they deem reasonably necessary for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial. If the producing party has elected to use the procedure set out in paragraph 5.3(b) then the secure facility shall include a means for a reviewing party to make printouts promptly at the time of his or her inspection. The producing party may, at the producing party's election, either (a) permit the reviewing party to immediately remove such printouts, in which case it shall be the responsibility of the requesting party to promptly have such printouts marked with a legend designating them as "Outside Counsel's Eyes Only – Highly Sensitive Code" or (b) retain and mark such printouts with a legend designating them as "Outside Counsel's Eyes Only – Highly Sensitive Code," and produce them to the reviewing party by hand delivery within no longer than 24 hours after printing. All such printouts shall be stored securely in a locked cabinet when not in use. No further copies shall be made except as set out below in paragraph 5.5.

5.5.     The receiving party is permitted to make such copies as are necessary for reasonable consultation between counsel and/or qualified consultants or experts, for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial. The receiving party shall avoid such use except as necessary to meet its burden of proof, and shall take all reasonable steps necessary to restrict the dissemination of such copies.  If a producing party so requests, any materials designated under paragraph 5.1 and used as exhibits in a deposition shall not be appended to the transcript of the deposition, in which case any objection is waived by any party as to the identity of the deposition exhibit if cited or relied upon in any subsequent expert report, motion, or at trial. At the conclusion of each day of a deposition in which any materials designated under paragraph 5.1 are used, the receiving party shall collect each copy of the materials, including the copy marked by the court reporter if the producing party has so requested, and no one other than the receiving and producing party may remove copies of materials designated under paragraph 5.1 from the deposition room.

CONFIDENTIALITY ORDER AND ADDENDUM

CIVIL ACTION NOS. 2:05-CV-053-LED AND
6:06-CV-549-LED, -550-LED AND -551-LED

5.6    If any party intends to file or otherwise submit to the Court any material designated under paragraph 5.1, or offer any evidence at trial based on the materials designated under paragraph 5.1, the party shall request that the Court take appropriate measures to preserve the confidentiality of the designated material including but not limited to filing such material under seal.

5.7    Within 30 days of the conclusion of the Underlying Actions:

(a) All copies of materials designated under paragraph 5.1 must be returned to the producing party.

(b) Notwithstanding the provisions above, outside counsel may retain for archive purposes one (1) magnetic and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain excerpts of materials designated under paragraph 5.1.

## 6. Identification Of Experts And Limitation On Expert Discovery.

6.1    Before any party discloses Designated Information to any expert or consultant pursuant to paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting or other employment relationships, a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case. Experts or consultants to whom Designated Information is to be disclosed shall not be otherwise engaged in providing services—apart from their existing expert and/or consulting services related to Underlying Actions—to any party or a party's competitor concerning wireless networking as that relates to the IEEE 802.11 standards, except that CSIRO may appoint one person employed by CSIRO's subsidiary WLAN Services Pty Ltd. as a consultant in this litigation on the condition that no non-public technical information designated as Attorneys' Eyes Only will be provided to that person.

10

6.2     Cisco's counsel of record shall have seven (7) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief that it may be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection. If no objection is made within the seven (7) business day period, the consultant or expert shall be permitted to receive Designated Information pursuant to the terms of this Order.

6.3     The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Designated Information pursuant to the terms of this Order.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

6.4     [Reserved].

**7. Related Documents.**

Designated Information may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 8.

**8. Designation Of Hearing Transcripts And Deposition Transcripts And Exhibits.**

8.1     [Reserved]

11

8.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Outside Counsel's Eyes Only for a period of fifteen (15) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.3 during that period. Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Designated Information, except by order of the Court.

8.3    Any party may mark any document or thing containing Designated Information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Order to have access to such designated material.

8.4    The designating party shall have the right to exclude from a deposition, before the taking of testimony regarding Designated Information and subject to this Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4.

8.5    At any court hearing or proceeding no party is prevented by this Order from moving the Court to close the hearing and designate all or portions of the transcript as any level of Designated Information.

**9.    Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing Designated Information to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents of particular document based on his/her position. Regardless of the designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Order.

12

**10. Confidentiality Of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge. Similarly, the Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another party.

**11. Designation Of Documents Under Seal.**

Any Designated Information, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The party filing any paper which reflects, contains or includes any of Cisco's Designated Information subject to this Order shall file such paper in compliance with and pursuant to the pertinent local rules where the paper is being filed.

**12. Challenge To Confidentiality.**

12.1    This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.2    If a party seeks de-designation of particular items the following procedure shall be utilized:

13

a. The party seeking such de-designation shall give counsel of record for the designating party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

b. If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated and the receiving party shall have the burden to establish that the information is an appropriate target of discovery.

**13.  Inadvertent Disclosure Of Privileged Information.**

The procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) shall govern in the event of a claim of inadvertently produced privileged information. Production of privileged material without an express written notice of intent to waive the attorney-client or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the producing party timely informs the receiving party of the identity of the materials mistakenly produced after learning of the mistaken production.

**14.  Inadvertent Failure To Designate.**

A producing party or nonparty that inadvertently fails to designate information, documents or things pursuant to this Order at the time of production may thereafter make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, to the receiving party within five (5) business days of discovery that the information, documents or things were not properly designated. The receiving party shall not be in violation of this Order for disclosures made prior to receipt of notification. Those individuals who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate by the producing party shall return to counsel for the

CONFIDENTIALITY ORDER AND ADDENDUM
CIVIL ACTION NOS. 2:05-CV-053-LED AND
6:06-CV-549-LED, -550-LED AND -551-LED

producing party or destroy and certify destruction of all copies of the misdesignated information, documents or things within ten (10) business days after receipt of such notification.

### 15. Prior Or Public Knowledge.

This Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Order.

### 16. Limitation Of Order.

Nothing in this Order is intended to alter the discovery provisions of the Federal Rules of Civil Procedure or the Local Rules of the Northern District of California. This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege, work product immunity, and/or other immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 17. Other Proceedings.

If Designated Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, the receiving party to whom the discovery request or compulsory process is directed shall within three business days after receipt thereof give written notice by hand, certified mail, facsimile or electronic transmission of such discovery request or compulsory process to the producing party, and provide the producing party with a copy of the discovery request or compulsory process. If the producing party timely makes a motion to quash, and to the extent permitted by law, the receiving party shall withhold such Designated Information until disposition of any such motion to quash.

### 18. [Reserved].

### 19. Return Of Designated Information.

CIVIL ACTION NOS. 2:05-CV-053-LED AND
                                                                6:06-CV-549-LED, -550-LED AND -551-LED

Within ninety (90) calendar days after the final termination of the Underlying Actions by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product, attorney-client privilege communications, and/or other immune communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Order.

**20. Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. After termination of the last pending Underlying Action involving the patent-in-suit, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following termination of the last pending action involving the patent-in-suit.

**21. Modification Of Order; Prior Agreements.**

This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court. This Order supersedes any agreements between the parties regarding the confidentiality of Designated Information entered into before the date of this Order.

**22. Section Captions.**

The title captions for each section of this Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

16

1

2    **23. Days.**

3          All references to "days" in this Order shall be construed as calendar days, unless otherwise

specifically indicated.

4          **So ORDERED and SIGNED this __ day of _____, 2008.**

5

6                                                              _____

7                                                              **Judge, United States District Court,**
                                                              **Northern District of California**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY ORDER AND ADDENDUM                    CIVIL ACTION NOS. 2:05-CV-053-LED AND
                                                              6:06-CV-549-LED, -550-LED AND -551-LED

**ADDENDUM**

The following additional paragraphs supplement the foregoing paragraphs and shall constitute part of the Court's Confidentiality and Protective Order and Addendum:

2.3     Cisco shall have the right to designate as "Outside Counsel's Eyes Only," restricted to review by outside attorneys and others specified in Paragraph 4.3 only and subject to this Order, any information, document or thing produced in this case which contains, reflects or otherwise discloses Cisco's trade secrets and highly confidential information related to the following topics: Cisco's current, recent and future research and development projects; strategic business plans, market projections and forecasts; customer-specific financial or technical information; acquisition due diligence and negotiations; licenses, sub-licenses and other agreements related to the sale or manufacturing of Cisco products; and technical information regarding the operation and design of Cisco products. This designation shall be made by marking each page or thing containing Outside Counsel's Eyes Only information with the legend OUTSIDE COUNSEL'S EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

4.3     Information, documents or things designated "Outside Counsel's Eyes Only" shall be disclosed only to:

a. the outside attorneys of record for the parties, and their partners, attorney employees, and their authorized secretarial, clerical and legal assistant staff;

b. consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraph 6;

c. This Court and Court personnel and the Court and Court personnel in the Underlying Actions;

d. court reporters employed in connection with this case;

e. outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

18

f. translation services necessary for translating documents in this case;

g. one in-house attorney for CSIRO having responsibility for providing oversight of or assistance in the Underlying Actions, provided that the attorney must keep all such documents and information in segregated files access to which is restricted to him and his clerical staff including his executive assistant; and

h.    one employee of CSIRO's subsidiary WLAN Services Pty Ltd. having responsibility for providing oversight of or assistance in the Underlying Actions, provided that the attorney must keep all such documents and information in segregated files access to which is restricted to him and his clerical staff including his executive assistant.

Any person who is designated, pursuant to subparagraph 4.3(b), (g) or (h) to receive "Outside Counsel's Eyes Only" information and who reviews any such Outside Counsel's Eyes Only information may not: (i) prosecute, draft or assist in the drafting of patent claims relating to the Wireless LAN field, (ii) be involved as a decision-maker with respect to forming licensing strategies as such strategies may relate to the wireless LAN field, except with respect to licensing in connection with the Underlying Actions, and/or (iii) be involved as a decision-maker with respect to directing research and development projects related to the wireless LAN field. This bar on competitive decision-making shall expire for each such person one year after the earlier of: (i) the entry of a final non-appealable or non-appealed judgment in the Underlying Actions; or (ii) the complete settlement of the Underlying Actions. If at any such time as anyone designated under paragraphs 4.3(b), (g) or (h) is expected to become disassociated with CSIRO or WLAN Services Pty Ltd. or no longer involved with the Underlying Actions, CSIRO shall so inform counsel of record for Cisco.

4.4     No disclosure of Confidential or Attorneys' Eyes Only information shall be made to persons in subparagraphs 4.1(b)-(d) and (h) and 4.2(b)-(d) and (h) unless such person has executed a written Confidentiality Undertaking in the form set forth in Exhibit A hereto acknowledging and agreeing to be bound by the terms of this Order. Likewise, no disclosure of Outside Counsel's Eyes Only information shall be made to persons in subparagraphs 4.3(b), (g) or

(h) unless such person has executed a written Confidentiality Undertaking (Including Outside Counsel's Eyes Only) in the form set forth in Exhibit B hereto acknowledging and agreeing to be bound by the terms of this Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking. An individual signing a Confidentiality Undertaking, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Order. In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Designated Information to experts, consultants or their staff.

5.1    Cisco shall have the right to designate any computer source code, executable code, microcode, RTL, HDL or other hardware description language documents that describe encoding or decoding algorithms used in computer source code, and copies thereof under the provisions of paragraph 5.2, as "Outside Counsel's Eyes Only – Highly Sensitive Code." Information, documents and things so designated will be subject to all of the restrictions as material designated as Outside Counsel's Eyes Only and further will be subject to the additional restrictions and provisions set forth in paragraph 5 of the Order.

5.2    Any source code or other materials designated under paragraph 5.1 shall not be provided to any person designated under 4.3(g) or (h) under any circumstances.

5.3(b) Alternatively, the producing party may at its own expense provide a convenient secure facility or facilities at which the reviewing parties may conduct their review. Facilities will be provided in one location such that the material will be made available in an agreed location or locations proximate and convenient to the location of trial counsel. The agreed location for code that may be produced by Cisco is the offices of Duane Morris, LLP, Suite 2000, One Market, Spear Tower San Francisco, CA 94105-1104. This location may be changed by mutual agreement of the producing and receiving party in the event of changed circumstances, which agreement will not be unreasonably withheld. The materials designated under paragraph 5.1 shall be made available for inspection at any time during normal business hours following at least twenty-four

hours advance notice. The producing party shall provide a stand-alone computer system suitable for use in reviewing and analyzing the designated materials. The producing party shall permit the reviewing party to load any special software that he or she may deem necessary to conduct an appropriate inspection or analysis of the materials, such software to be provided by the requesting party. The requesting party agrees that it will not use software not reasonably necessary to efficiently conduct an appropriate review and analysis of the materials designated under paragraph 5.1. The reviewing party will identify for the producing party prior to loading it into the computer any special software to be used to conduct an inspection or analysis of the designated materials. No electronic copies of the materials designated under paragraph 5.1 and produced at the secure facility may be made and removed from the secure facility by a reviewing party without the express written consent of the producing party.

8.1     If CSIRO and/or the Defendants anticipate using or disclosing any Designated Information at a deposition in the Underlying Actions, they shall make all reasonable efforts to give Cisco one week advance notice of the deposition so that counsel for Cisco may have a reasonable opportunity to protect the confidentiality of Cisco's Designated Information. Likewise, if Cisco's Designated Information is used or otherwise disclosed at any deposition of which Cisco has not been notified in advance, the party who uses or discloses the Designated Information shall notify Cisco within three days of the deposition that the Designated Information has been used or disclosed and such notice shall include an identification of each document or information that was used or disclosed.

///

///

///

///

///

///

///

CONFIDENTIALITY ORDER AND ADDENDUM                    CIVIL ACTION NOS. 2:05-CV-053-LED AND
                                                      6:06-CV-549-LED, -550-LED AND -551-LED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al.,<br><br>Defendants. | Subpoenas issued in the matters styled:<br>   *CSIRO v. Buffalo Technology (USA), Inc., et al.*, U.S.D.C. Eastern District of Texas, Civil Action No. 2:05-CV-053-LED<br>   *Microsoft Corporation, et al. v. CSIRO*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-549-LED;<br>   *CSIRO v. Toshiba America, et al.*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-550-LED; and<br>   *Intel Corporation et al v. CSIRO*, U.S.D.C. Eastern District of Texas, Civil Action No. 6:06-CV-551-LED |

## CONFIDENTIALITY UNDERTAKING

    I have read the Confidentiality and Protective Order and Addendum concerning the confidentiality of information in the above captioned litigation. I understand that the Order is a Court order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

    I agree to comply with all provisions of the Order described above with respect to any Confidential and/or Attorneys' Eyes Only designated information that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, Northern District of California for any proceedings involving the enforcement of that Order.

EXECUTED this \_\_\_\_\_ day of _____, \_\_\_\_\_

_____

Name

_____

Signature

_____

Employer or Other Business Affiliation

1

2                                    **EXHIBIT B**

                        IN THE UNITED STATES DISTRICT COURT

3               FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   COMMONWEALTH SCIENTIFIC AND          Subpoenas issued in the matters styled:
    INDUSTRIAL RESEARCH                      *CSIRO v. Buffalo Technology (USA), Inc.,*
5   ORGANISATION,                         *et al.*, U.S.D.C. Eastern District of Texas,
                                          Civil Action No. 2:05-CV-053-LED
6                        Plaintiff,          *Microsoft Corporation, et al. v. CSIRO,*
                                          U.S.D.C. Eastern District of Texas, Civil
7             v.                          Action No. 6:06-CV-549-LED;
                                             *CSIRO   v.   Toshiba   America,   et   al.,*
8   TOSHIBA AMERICA INFORMATION           U.S.D.C. Eastern District of Texas, Civil
    SYSTEMS, INC., et al.,                Action No. 6:06-CV-550-LED; and
9                                            *Intel Corporation et al v. CSIRO,* U.S.D.C.
                         Defendants.      Eastern District of Texas, Civil Action No.
10                                        6:06-CV-551-LED

11                       **CONFIDENTIALITY UNDERTAKING**
                  **(INCLUDING OUTSIDE COUNSEL'S EYES ONLY)**
12

13          I have read the Confidentiality and Protective Order and Addendum concerning the

14  confidentiality of information in the above captioned litigation. I understand that the Order is a

15  Court order designed to preserve the confidentiality of certain confidential information. I also

16  understand that the Protective Order restricts the use, disclosure and retention of such confidential

17  information and also requires the safeguarding and return of documents and other materials

18  containing confidential information.

19          I agree to comply with all provisions of the Order described above with respect to any

20  Confidential, Attorneys' Eyes Only and/or Outside Counsel's Eyes Only designated information

21  that is furnished to me. I hereby affirm that I am not currently a decision-maker with respect to:

22  (a) directing current or future research and development projects in the wireless LAN field, (b)

23  developing patent licensing strategies in the wireless LAN field other than with respect to the

24  Underlying Actions or (c) the prosecution of patents in the wireless LAN field.

25  ///

26  ///

27  ///

28  ///

                                              23

CONFIDENTIALITY ORDER AND ADDENDUM              CIVIL ACTION NOS. 2:05-CV-053-LED AND
                                                6:06-CV-549-LED, -550-LED AND -551-LED

I hereby consent to the personal jurisdiction of the United States District Court, Northern District of California for any proceedings involving the enforcement of that Order.

EXECUTED this _____ day of _____, _____

_____
Name

_____
Signature

_____
Employer or Other Business Affiliation

24