1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | ) ) ) | Case No.: C 08-80151 JW (PVT) |
| | ) | **ORDER DENYING THIRD PARTY** |
| Plaintiff, | ) ) | **CISCO SYSTEMS, INC.'S MOTION** **FOR CONFIDENTIALITY ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

12
13
14
15
16
17
18
19

On August 5, 2008, third party Cisco Systems, Inc. moved for a confidentiality order to

20

govern the production of its confidential documents, information and testimony to certain

21

individuals employed by Commonwealth Scientific and Industrial Research Organisation.[1]

22

("CSIRO"). Specifically, Cisco raises concerns related to the blanket disclosure of its most

23

confidential information to Dennis Redfern (CSIRO consultant in charge of its patent licensing

24

negotiations with third parties, including Cisco) and Terry Healy (special counsel at CSIRO

25

involved in its patent prosecution and licensing negotiations with third parties, including Cisco).

26

Cisco explains that its concerns arise from separate and ongoing licensing negotiations between

27
28

---

[1]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

Cisco and CSIRO that involves some, if not all, of the same confidential information that is the subject of the third-party document subpoenas at issue here.  Messrs. Redfern and Healy are involved directly in these negotiations.  Cisco fears that the confidential information produced during the course of the underlying actions will be used against it in the licensing negotiations.  CSIRO opposes the motion.  CSIRO identifies itself as the national science agency of the Australian federal government and the owner of the patent-in-suit in the underlying actions set forth below.[2] CSIRO's Opposition to Cisco Systems, Inc.'s Motion for Confidentiality Order, ("Opp.") at 1.  It disputes that it competes with Cisco in the marketplace.  *Id.*  Pursuant to Civ. L.R. 7-1(b), the motion is submitted without oral argument and the hearing noticed for September 30, 2008 at 10AM is vacated.  Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that third party Cisco's motion for a confidentiality order governing the production of confidential documents and information is denied.  Cisco's proposed confidentiality order seeks to have this court dictate to another court the procedures and standards to be applied to protect confidential information.  *See* Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for protective order *in the court where the action is pending* . . .")(emphasis added).

IT IS FURTHER ORDERED that this order is without prejudice to third party Cisco seeking a protective order from the district court in which the underlying actions are pending.

IT IS FURTHER ORDERED that third party Cisco's motion for a confidentiality order governing the testimony of current and former employees is denied as premature.  "[A]dditional depositions of Cisco's ex-employees are on the near horizon."  Motion at 5.  ("Mot.").  Following entry of a letter agreement dated January 25, 2008, third party Cisco received three additional deposition subpoenas in connection with the underlying actions pending in the Eastern District of Texas.  *Id.* at 6.  However, Cisco has not identified the specific individuals scheduled to be deposed or the nature of the disputes that would cause its confidential information to be disclosed to Messrs.

_____

[2]       In the Eastern District of Texas, the underlying actions involve the following related lawsuits: Civil Action Nos. 2:05-CV-053-LED; 6:06-CV-549-LED; 6:06-CV-550-LED; and 6:06-CV-551 LED.  Another related action from the Eastern District of Texas (characterized as an initial test case), *CSIRO v. Buffalo,* Case No. 2:05-CV-53-LED, is currently on appeal.  *See* Opp. at 1, fn.1.

1  Redfern and Healy.  To date, Cisco notes that "no party has identified any specific . . . testimony that

2  it believes is improperly designated by Cisco under the various agreements regarding the designation

3  of Cisco's confidential information."  Matthew S. Yungwirth Declaration In Support of Motion for

4  Confidentiality Order ("Yungwirth Decl.").  Finally, Cisco does not even mention whether the

5  depositions of its current and former employees are scheduled to be taken in this district.[3]  *See* Fed

6  R. Civ. P. 26(c)(" . . . on matters relating to a deposition, in the court for the district where the

7  deposition will be taken.").  This order is without prejudice to third party Cisco seeking a further

8  protective order from this court for depositions scheduled to be taken in this district.

9      IT IS SO ORDERED.

10  Dated:    *September 18, 2008*

11  _____
                                                    PATRICIA V. TRUMBULL
12                                                 United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
       [3]        In its moving papers, Cisco notes that depositions of its former and current employees
have been taken in California, Ohio and Sydney, Australia.  Mot. at 5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28